UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CLEOTIS JONES, JR., and
WILLIE WATSON, III,

                    Plaintiffs,

      v.

CITY OF BUFFALO, BUFFALO FIRE
DEPARTMENT,

                    Defendant.

**DECISION AND ORDER**
13-CV-287S

      1.      Cleotis Jones, Jr. and Willie Watson, III, both black males, were selected for the Buffalo Fire Department's twelve-week Fire Training Academy, which included classroom and field work. At the end of the training period, however, they both had low "averages" and were dismissed. Jones and Watson now bring this action, alleging that their dismissal violated Title VII of the 1964 Civil Rights Act and New York State's Human Rights Law.

      Invoking Federal Rules of Procedure 12(b)(1), 12(b)(6), and 12(c), the City of Buffalo timely moves to dismiss the complaint.[1] It argues that (1) some claims must be dismissed because Plaintiffs failed to exhaust administrative remedies, (2) other claims must be dismissed because they are legally insufficient, and (3) the remaining claims, those asserted under New York's Human Right's Law, must be dismissed because Plaintiffs failed to file a notice-of-claim.

      2.      A case is properly dismissed for lack of subject matter jurisdiction under Rule

---

[1]Plaintiffs argue that the City's motion is untimely. But Plaintiffs incorrectly rely on the date of this Court's scheduling order instead of the date that the City filed its motion to dismiss.

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing the existence of federal jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

3.      Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P.  8(a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a

2

probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 678; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.[2]

4.      To bring a Title VII claim in federal court, a plaintiff must ordinarily first exhaust his administrative remedies by first presenting his claims to the Equal Employment Opportunity Commission (EEOC) or a state administrative agency. Claims not raised at the administrative level cannot be raised in court unless they are "reasonably related to those that were filed with the agency." Legnani v. Alitalia Linee Aeree Italiane, S.P.A, 274 F.3d 683, 686 (2d Cir. 2001). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Fitzgerald v. Henderson, 251 F.3d 345, 351 (2d Cir. 2001) (internal quotation marks and citation omitted). Claims can also be "reasonably related" if the plaintiff "alleg[es] retaliation by an employer against an employee for filing an EEOC charge," or if  (2)  the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1402 (2d Cir. 1993), *superseded by statute on other grounds as recognized in* Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684 (2d Cir.1998).

Plaintiffs allege in their complaint filed in this action, but not at the administrative level, that the City discriminatorily failed  to "recycle" them – this apparently refers to an

---

[2]A motion to dismiss under Federal Rules of Civil Procedure Rule 12(c) is judged by the same standards applicable to a Rule 12(b)(6) motion. See Irish Lesbian & Gay  Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998).

opportunity for a firefighter to enter a subsequent class and rectify any previous shortcomings. The City argues that these claims were not properly exhausted because they were not alleged in the state administrative complaint. Indeed, there can be no dispute that the charge regarding the failure to "recycle" the Plaintiffs was not presented at the administrative level; instead both Plaintiffs' focus on the City's failure to provide them remedial classes and their alleged unlawful termination due to race. Thus, the question now becomes whether the "recycling" claim is "reasonably related" to those asserted in the state and EEOC charges.

But Plaintiffs offer no response to this question. Instead, they simply recount undisputed facts: that they both timely filed charges of discmination with the New York State Division of Human Rights and that those complaints were cross-filed with the EEOC.

Without any relevant authority or argument whatsoever, this Court will not find that the claims regarding the City's failure to offer Plaintiffs further classes to complete their training is reasonably related to the charges alleging unlawful discharge. See, e.g., Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 25 (2d Cir. 1985) (failure to rehire is distinct from allegation of unlawful discharge). Accordingly, claims premised on this failure will be dismissed.

5.     Plaintiffs' claims relating generally to their discharge, however, remain in tact because those claims were raised at the administrative level. Yet, the City seeks to dismiss those claims on other grounds, arguing that Plaintiffs have failed to meet the pleading requirement set out in Iqbal and Twombly. On this ground, the City's motion is denied.

6.     Title VII prohibits discrimination with respect to the "compensation, terms, conditions, or privileges of employment" on the basis of "race, color, religion, sex, or

4

national origin." 42 U.S.C. § 2000e-2. Hence, Title VII prohibits an employer from discriminating against an employee because of his race.

Pointing to the "Rules and Regulations Governing Trainees," which provide that remedial classes "will be scheduled as required," Plaintiffs allege that the City failed to offer them these classes. They further allege that they were not provided the classes because they are black, and that "Caucasian recruits were assisted by Caucasian Officers assigned to the academy." (Compl., ¶ 24) (capitulation in original). Finally, they allege that, if these classes were provided, they could have raised their scores and avoided dismissal.  While the City is of course free to discharge trainees who fail to meet the Fire Department's rigorous standards, it cannot offer assistance to white trainees but not black trainees. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283, 96 S. Ct. 2574, 2580, 49 L. Ed. 2d 493 (1976) ("While [employer] may decide that participation in a theft of cargo may render an employee unqualified for employment, this criterion must be 'applied [] alike to members of all races,' and Title VII is violated if, as petitioners alleged, it was not.") Accepting Plaintiffs' allegations as true – as this Court must – Plaintiffs have sufficiently stated a claim under Title VII, and the City's motion on this ground is denied.

7.     Last, the City moves to dismiss Plaintiffs' state law claims for failure to comply with  New York State General  Municipal Law §50-e, which requires that a written notice-of-claim be filed with the municipality within 90 days of accrual of the action. But in a situation such as this – where § 50-e is not broadened by county or education law and where the action is one for a violation of New York's Human Rights Law – no notice-of-claim is required.  See Picciano v. Nassau Cnty. Civil Serv. Comm'n., 290 A.D.2d 164, 170, 736 N.Y.S.2d 55 (2d Dep't 2001) (collecting First and Second Appellate Division cases)

("General Municipal Law § 50-i, which requires service of a notice of claim in compliance with General Municipal Law § 50-e in an action to recover damages for 'personal injury, wrongful death or damage to real or personal property,' does not encompass a cause of action based on the Human Rights Law."); <u>Margerum v. City of Buffalo</u>, 63 A.D.3d 1574, 1580, 880 N.Y.S.2d 820, 825 (4th Dep't 2009); <u>Grasso v. Schenectady Cnty. Pub. Library</u>, 30 A.D.3d 814, 816, 817 N.Y.S.2d 186, 188 (3rd Dep't 2006); <u>Anderson v. City of New York</u>, No. 06-CV-5726 RRM RER, 2012 WL 6720694, at *5-*6 (E.D.N.Y. Dec. 27, 2012). ("[T]he weight of authority within this Circuit holds that § 50–e is limited on its face to claims founded in tort, and therefore cannot apply to employment discrimination claims."). The City's motion on this ground is therefore denied.

****

IT HEREBY IS ORDERED, that the City's motion to dismiss (Docket No. 5) is GRANTED in part and DENIED in part.

SO ORDERED.

Dated:   March 31, 2014
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court